J-S58007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMRO AYMAN ELANSARI, | |
| Appellant | No. 2235 MDA 2015 |

Appeal from the Judgment of Sentence November 30, 2015
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0000408-2015

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 18, 2016**

Appellant, Amro Ayman Elansari, appeals *pro se* from the judgment of sentence imposed following his bench conviction of eight counts of possession with intent to deliver a controlled substance (PWID), four counts of possession of a controlled substance, one count of possession of drug paraphernalia, and three counts of criminal use of a communication facility.[1] We affirm.

The relevant background of this case is as follows.  On November 5, 2015, following a one-day trial, the court found Appellant guilty of the above-listed offenses.  The charges stem from Appellant's sale of marijuana

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32) and 18 Pa.C.S.A. § 7512(a), respectively.

to a confidential informant on three occasions in February of 2015. (***See*** N.T. Trial, 11/05/15, at 31-33, 41-42, 50). On November 30, 2015, the trial court sentenced Appellant to an aggregate term of incarceration of not less than ninety-five days nor more than twenty-three and one-half months, followed by three years' probation. On December 18, 2015, Appellant filed this timely appeal.[2]

On appeal, Appellant argues "the statutes prohibiting marijuana are unconstitutional because they violate due process," and "the prohibition of marijuana should be stricken as unconstitutional." (Appellant's Brief, at 18, 33) (some capitalization omitted).[3] However, Appellant has failed to develop his claim properly for our review.

It is axiomatic that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if an appellant fails to comply with these requirements. ***See*** Pa.R.A.P. 2101. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review,

---

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal, ***see*** Pa.R.A.P. 1925(b), nor did it author an opinion, ***see*** Pa.R.A.P. 1925(a).

[3] "Because the constitutionality of a statute is a question of law, our standard of review is *de novo* and our scope is plenary." ***Commonwealth v. Baker***, 78 A.3d 1044, 1047 n.3 (Pa. 2013) (citation omitted).

that claim is waived." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010) (citations omitted). In addition, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citation omitted). Accordingly, a *pro se* litigant must comply with our procedural rules. ***See id.***

Here, Appellant's brief falls well below the minimum standards delineated in our Rules of Appellate Procedure. Specifically, the argument section of his brief is not divided into sections addressing each of the five issues he lists in his statement of questions involved. (***See*** Appellant's Brief at 6-7, 18-33); Pa.R.A.P. 2116(a), 2119(a). It contains minimal citation to the record, and fails to discuss cogently the facts of this case as they relate to relevant legal authority. (***See*** Appellant's Brief, at 18-33); Pa.R.A.P. 2119(a)-(c). The brief is rambling and nearly unintelligible, containing a cryptic statement from "Anonymous," a diatribe in favor of marijuana use and against the trial court for its "show" trial and "classless" conduct, and broad pronouncements regarding Appellant's own self-assessment. (Appellant's Brief at 21, 33 (stating, *inter alia*, Appellant "lives without labels; so no one can really tell him what he is because he himself doesn't know or acknowledge what he really is.")). Thus, even if we liberally construe the materials Appellant filed, the lack of pertinent legal argument

and other substantial defects in his brief preclude us from conducting meaningful review. **See** Pa.R.A.P. 2101; **see also Johnson**, **supra** at 924. Accordingly, we affirm the judgment of sentence.[4]

Judgment of sentence affirmed.

President Judge Gantman joins the Memorandum.

Judge Bowes files a Concurring and Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2016

---

[4] To the extent Appellant claims that the medicinal effects of marijuana render its prohibition unconstitutional, (**see** Appellant's Brief, at 22, 29), this Court has held "[r]egardless of whether there are accepted medical uses for marijuana in the United States, marijuana remains a Schedule I substance under the Drug Act." **Commonwealth v. Waddell**, 61 A.3d 198, 207 (Pa. Super. 2012).